IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERRY GOFORTH                                                                                    PLAINTIFF

V.                                          No.  2:12-CV-02071

INVESTIGATOR TOM BRUCE, and
SHERIFF RON BROWN                                                                   DEFENDANT

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the Motion for Leave to Proceed in forma pauperis (ECF No. 3). The matter is before the court pursuant to 28 U.S.C. §1915A for preliminary screening.

### I. Background

The Plaintiff is currently a prisoner in the Crawford County jail having been arrested on November 5, 2010 on a Warrant signed by Circuit Judge Medlock on November 2, 2010 and charged with Rape (5-14-103) a Class "Y" Felony (See Exhibit 1). The warrant was issued based on the Affidavit of Tom Bruce as a result of an investigation of sexual misconduct between the Plaintiff and his nephew.  The Affidavit was sworn to before a member of the Prosecuting Attorney's staff and was reviewed by Judge Medlock who found probable cause to exist for the issuance of the warrant.

The Plaintiff filed the current complaint alleging that Tom Bruce "lied and swore that I committed the alleged crime but one of the alleged victims said that I never touched him".  He goes on to claim that the victims were examined and that there was no medical evidence of rape.

(ECF No. 1, p. 4).

The Plaintiff has been incarcerated since his arrest and, according to the circuit clerk's docket sheet, is scheduled for a Mental Examination on May 10, 2012 (See Exhibit 2).

## II.  Discussion

The Plaintiff's claim for False Arrest is subject to be dismissed. A claim of false arrest brought pursuant to § 1983 fails if the officer had probable cause to make the arrest. *See Anderson v. Larson*, 327 F.3d 762, 770 (C.A.8 (Iowa),2003) *citing Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir.2001). Additionally, a police officer "who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved." *Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967); *see Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979) (suspect's innocence of the criminal charge is irrelevant to his claim since the Constitution does not guarantee that only the guilty will be arrested); *Hannah v. City of Overland, Mo.* 795 F.2d 1385, 1389 (C.A.8 (Mo.),1986).

This is not a warrentless arrest but an arrest that occurs after investigation and upon presentation to the proper authority to secure an arrest warrant. In addition, a Circuit Judge has determined that probable cause existed for the issuance of the warrant.

The Plaintiff asserts that there is no medical evidence to prove that a rape occurred, however, Arkansas has consistently held that the requirement of substantial evidence is satisfied by the rape victim's testimony alone. *Houston v. State*, 293 Ark. 492, 739 S.W.2d 154 (1987); *Sales v. State*, 291 Ark. 338, 724 S.W.2d 469 (1987); and *Sanders v. State*, 277 Ark. 159, 639 S.W.2d 733 (1982). Nor, does a rape victims testimony have to be corroborated by other

testimony. *Urquhart v. State*, 273 Ark. 486, 621 S.W.2d 218 (1981).

The Plaintiff's attempt to sue the investigating office and the Crawford County Sheriff's Office is clearly a malicious attempt on the part of a criminal defendant to cause harm to individuals who are constitutionally charged to enforce the law.

### III.  Conclusion

Based upon the forgoing I recommend that the instant Motion to Proceed IFP (ECF No. 3) be **DENIED** and the Complaint **DISMISSED** with prejudice.

**The Plaintiff has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  this April 13, 2012

　　　　　　　　　　　　　　　　　　　　/s/ J. Marschewski
　　　　　　　　　　　　　　　　　　　　HONORABLE JAMES R. MARSCHEWSKI
　　　　　　　　　　　　　　　　　　　　CHIEF U. S. MAGISTRATE  JUDGE